IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Wilmer D. Loftin, ) | Civil Action No.: 3:10-2781-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Wilmer D. Loftin, brought this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI").

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g.*, Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969),

"[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

The plaintiff filed his current application for DIB and SSI on March 20, 2008 alleging a disability onset date of August 15, 1997, due to degenerative disc disease and chronic obstructive pulmonary disease (COPD). His application was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge (ALJ) which was held on September 29, 2009. Plaintiff was represented by counsel at the hearing. The ALJ issued a decision on December 3, 2009, denying benefits. The Appeals Council denied the plaintiff's request for review of the ALJ's decision, thereby making the ALJ decision the Commissioner's "final decision" for purposes of judicial review. *See* 42 U.S.C. §405(g); 20 C.F.R. §404.981 (2003).

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since August 15, 1997, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease; status post scaphoid fracture; and chronic obstructive pulmonary disease (COPD) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR

404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 25, 1963 and was 34 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 15, 1997 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

### Facts

The plaintiff was 46 years old on the date of the hearing. He has a ninth grade education and has prior work experience as a construction worker, macine maintenance worker, auto body shop worker, motel maintenance man, and assembly line worker.

### Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States

Magistrate Judge Joseph R. McCrorey. On October 18, 2011, Magistrate Judge McCrorey filed a Report and Recommendation ("the Report") suggesting that the decision of the Commissioner be affirmed. The plaintiff filed objections to the Report on November 4, 2011. The Commissioner filed a Response on December 2, 2011. The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that plaintiff be denied benefits. He further concluded that Plaintiff's new medical evidence, a letter from Dr. LaLonda M. Graham dated October 20, 2010, is not relevant or material to the current application for benefits.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

The plaintiff's objection states, in its entirety:

I do not agree with the <u>decision</u> that I'm not disabled. I have sent in new evidence about my (COPD) (Chronic Obstructive Pulmonary Disease). This disease has no cure, and it will get worse as time goes on. It will cause my death. My new evidence is (relevant). Please submit a new application I <u>appeal</u> commissioner's decision.

The plaintiff's objection, liberally construed, asserts that his new evidence should be considered because it is relevant to a finding of disability based on COPD. The Magistrate Judge's R & R thoroughly discusses the letter of Dr. Graham, which was written after the administrative hearing and appeal, and correctly applies the law regarding consideration of new evidence. This court has carefully reviewed Plaintiff's objections and conducted the required *de novo* review of Petitioner's claim. Having done so, the court is left with the firm conviction that the Magistrate Judge's recommended disposition of this claim is correct. Accordingly, Petitioner's objections are overruled and the Magistrate Judge's recommendation to affirm the Commissioner's decision is adopted.

**Conclusion**

The court has thoroughly analyzed the entire record, including the R & R and objections, and applicable law. The court has conducted a *de novo* review of all of Petitioner's objections, [Docket Entry 30], and finds no merit in them. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, the Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 3, 2012